Surety & Indemnity v. Prince Land Services. Good morning. Good morning, and may it please the Court, Craig Lewis for Prince Land Services. With me is Bruce Prince of Prince Land Services. He wanted to be present for this hearing today, and symbolically what this case is about is Prince Land Services has always just wanted its day in court, and we believe it has not received that. Prince's Surety developers filed a lawsuit seeking a declaratory judgment against Archer Western, who was a general contractor who contracted with Prince for a construction project, as to whether Archer Western had met the procedural requirements of a performance bond claim. Archer Western fired back on that lawsuit, and they fired back hard by arguing and suing developers and saying, yes, we complied with the procedural requirements, and you have to pay us because Prince breached the subcontract, and we were required to supplement their work, and the bond requires you to pay for that. At that point, Prince moved to intervene in the case, and though it seemed at that point that everyone agreed to the intervention, the district court denied that motion, and the district court's rationale was that theoretically Prince's rights could be adjudicated in a separate case and not affected by the Surety general contractor case. And then the parties moved for summary judgment, and Archer sought a summary judgment that specifically said that Prince breached the subcontract. That would be an adjudication of Prince's rights in Prince's absence. The district court granted that motion for summary judgment, and in the summary judgment made remarks indicating that Prince defaulted under the subcontract, which is really an adjudication against Prince. Why is that an adjudication against Prince? Prince wasn't a party to the case. That's correct. Number one. And number two, the case was dismissed. So help me on this. Why does Prince believe that it was prejudiced at all, since once the case is dismissed, I don't think it has any precedential value, including all the rulings that preceded it. So I'm just having trouble of how Prince is saying now that it has an interest and a concern about this. Well, for the record, Your Honor, I would agree with you that there should be no precedential value against Prince, but there is. As it stands right now, Prince filed a separate lawsuit seeking a determination that Archer Western breached the subcontract. And in that separate lawsuit, Archer Western argues that the stipulation for dismissal in this case between Archer and developers stands as res judicata. So your argument should be in that separate lawsuit to argue that they're wrong there and it's before a separate set of judges to decide whether these rulings here make sense or not. But from our point of view of a decision of whether there should have been intervention, I just still don't see, for the two reasons that I mentioned, that Prince wasn't a party at all. And secondly, the case was dismissed, which dismisses all the rulings that preceded it. I think from our point of view, we have no responsibility for what another court's going to say about that. There's a separate argument there, Your Honor. And this was, for the record, no one in the lower court ever reached the merits of Prince's renewed motion to intervene, but it was in there as well. And the argument is Prince has a separate agreement with his surety that any judgment or payment that the surety makes to satisfy a bond claim, Prince Land Services and Mr. Prince individually are legally responsible for indemnification. So it's not just the res judicata that constituted the prejudice. It's the issue of the hanging over Prince's head is a claim for indemnification by developers for the total amount of the settlement agreement. But that doesn't come from any ruling in the case, and that's what intervention is about. I want to be part of the case. Any risk that Prince carries now is because of a private contract agreement between the other two people, between Diskinette and Archer, and that's not the stuff of which interventions are turning or predicated. I don't know that I agree with that, Your Honor. And so... Well, is there any legal ruling, any significance as a matter of law from this ruling? Don't you agree it has been dismissed, right? It was voluntarily. It was stipulated for dismissal and an order dismissing the case. And do you agree that when a case is voluntarily dismissed, that the preliminary rulings in that case don't carry any legal weight anymore? I don't know about that when it's a stipulation for dismissal with prejudice. I think that there is some presidential effect there. Do you have some case law on that? I don't in front of me, but this is the issue that's briefed in the res judicata claim in the new case. But I don't want the res judicata claim in the new case to be the sole basis for my discussions today. I want to talk a little bit more about the indemnification. Well, I'd like you to help me with jurisdiction. Yes. And I want to get to that. I want you to tell me whether we have jurisdiction to entertain the appeal in the first place. FRAP 4 is clear enough that the notice of appeal must be filed within 30 days after the entry of the judgment or the order. However, as I see it, the first motion to intervene was denied May 25, 17. The motion to reconsider was denied June 26, 17. And this appeal was not taken from either of those orders. It was taken from a denial of a subsequent application that looked to me as if it was substantively similar, if not identical, to the original motion, and there had been no real change in circumstances. So the subsequent motion and order didn't give you another 30 days. You can't just keep coming back over and over seeking to intervene and never appeal the first or the second or the third or the fourth and then get a denial on round five. It seems to me if those motions to intervene are substantively the same, you are obliged to appeal when it was denied, either on round one or round two. What am I missing? Well, I don't know that the Court is missing anything except that there's binding precedent and discussion in cases that we've cited in our briefs that say that when there's a change in circumstances, a second motion to intervene is warranted. Substantial change in circumstances. The problem that I have, I agree that if there were, you'd be right, but I'm not sure that there was a substantial change. Tell me what it was. I think there was because the trial court at the first, during the course of the first motion to intervene, seems to think that there was still a possibility that the developer's of Prince's liability under the subcontract. I don't — I find that possibility to have been remote, but it was a possibility. But after the summary judgment where the district court specifically said that Prince defaulted under the subcontract, there was no theoretical possibility anymore that Prince's rights would not be adjudicated. They were, without Prince. And that's the complaint. To answer the jurisdictional question, there's a couple ways to answer it. One, we could say that under Rule 41a, a person who's filed a motion to intervene should be considered a party. Now, I know that Rule 41a says parties. Right, but you were not a party. That's a tough argument. But it is a — it's not an argument that's without support, Your Honor, because Rule 24 itself talks about one of the requirements for intervention is the existing parties must not adequately represent the intervener's interests. So I don't know what existing means in that context. That seems to imply that someone who's seeking to intervene is a party. And I don't think that there would be any problem, and I actually think that it would be fair for the court to hold that a person seeking intervention is a party. The other way to get around the so-called jurisdictional question — and I just — my light just turned red, but I would like to answer it — is to hold that the cases that discuss jurisdiction in this context, what they really mean is mootness, and it's — so mootness is sort of a subset of jurisdiction. So it's correct to say that they lose jurisdiction on the stipulation for dismissal, but what they really mean is that the motion to intervene becomes moot. And mootness doesn't make the case go away in its entirety. There's still ancillary matters that can be decided by the district court, and intervention is one of those ancillary matters I would submit. And we've cited in our brief the case law to support that proposition. Thanks. Can I ask you this question? As I read the summary judgment order, the summary judgment order never says your client actually breached the contract. The summary judgment order says, vis-à-vis the surety, the general contractor had discretion to decide whether there was a breach. Are you following what I'm saying? I am, Your Honor. So there is no finding in the summary judgment order that your client actually breached. It seems to be limited to a finding that the general had discretion to determine whether your client breached. Is that recitation correct? That may be an important distinction in the future. I think it's correct. But there are also other remarks in the order that say that we defaulted under the subcontract. And default is another word for breach in this instance. But the tenor of the order is that the general gets to decide that vis-à-vis the surety and that's it. Yes. Okay. Thank you. Thank you, Your Honor. Thank you, counsel. You've reserved your full five minutes. Thank you. Good morning. May it please the Court. Frank Marceco on behalf of Archer Western Contractors. Could you start with jurisdiction since that's the initial problem? Do we have jurisdiction to entertain the appeal? You do not. Tell me why not. Well, there's a couple of reasons. And going in chronological order, as the Court has already pointed out, there were two attempts at intervention by Prince in 2017, both of which were denied by the District Court by orders of May 25, 2017 and August 8, 2017. Those two attempts at intervention by Prince basically raised, between the two of them, three separate grounds for intervention. In the first motion to intervene, which was disposed by the District Court on May 25th, the only grounds that Archer had asserted at that point in time was to pursue its affirmative claims against Archer Western. In other words, Prince wanted to use intervention as a sword, if you will, to pursue its affirmative claims for damages against Archer Western. The Court denied that motion to intervene, basically finding that Prince did not assert a sufficient interest to intervene in the litigation as a matter of right under Rule 24a. The Court also found that under 24b, it was not going to exercise its discretion in allowing for a permissive intervention. The problem that Prince has, that they have not addressed sufficiently, is why they never filed a notice of appeal within 30 days after that May 25th, 2017 order. We still don't have an explanation for that as we sit here today. Prince then, after the May 25th order, instead of filing a timely notice of appeal, filed a motion to reconsider, which the Tenth Circuit Court of Appeals has described as improperly pestering the District Court with motions for reconsideration. Prince raised the new arguments, well, the newly stated arguments, I should say, that it now needed to intervene not only as a sword to pursue its affirmative claims against Archer Western, but also as a shield to defend against potential claims by DSIC under the Indemnity Agreement, or alternatively, claims for damages by Archer Western directly against Prince. The District Court then denied that motion to reconsider as well, basically holding that surely Prince knew of these concerns about having to defend against claims by DSIC or Archer Western, and because it failed, I'm sorry, because it failed to do that, the extraordinary remedy of reconsideration was not available. Prince then, for reasons that we still have not heard as of today, did not file a notice of appeal of the August 8th, 2017 order. Instead, it waited until 2018, approximately 10 months later, after fact discovery had concluded, expert discovery had concluded, the Court disposed of the party's cross motions for summary judgment on liability, and Prince then filed in June of 2018 its essentially third motion to intervene. The problem is, is that before the Court ruled on that, Archer and DSIC filed a stipulation to dismiss with prejudice under Rule 41A1A2, which effectively cut off the District Court's jurisdiction as of that date. Under the well-established case law that was in place at that time, whether Inago franchising by this Court in 2012, Love versus Walmart stores in 2017, and various other circuits precedent, Prince was well on notice that the 30-day time under FRAP 4 began running on June 22nd, 2018. The District Court, in its later order clarifying that on July 6th, agreed with that proposition. So, upon that July 6th, 2018 order, it was clear that the District Court was saying that the so-called final order was the stipulation filed on June 22nd, and thus, the 30-day clock for Prince to file any appeal would have been no later than Monday, July 23rd, 2018. I am not aware of any precedent in the United States, whether in this circuit or elsewhere, that would allow for this Court to have jurisdiction more than 30 days after the stipulation to dismiss was filed, namely the notice of appeal being filed. Suppose there had been no stipulation. Would he have been timely? Or would he have been out because the third effort was substantially the same as the first and the second? I believe it would be the latter situation, Your Honor. The fact that this Court forever lost jurisdiction to decide the merits of the grounds for Prince's intervention. Unless he had something new or different. Correct. Correct. Was there anything new or different? He says there was. I would disagree with counsel. I think, as this Court has suggested, there was nothing new. The third motion to intervene in 2018 essentially asserted the same three grounds for intervention as had been previously raised in the 20th century. Right. So, what I really am asking is, does it matter whether the parties filed a stipulation or not? And the District Court ruled that that's so, and that's the effective date, and the time ran from there. Wholly independent of that, there still would have been no jurisdiction. I would agree with that. If I hear what you're saying, do you need the stipulation and what flows from that to make the argument? I would argue that we do not need that stipulation. This Court had already lost jurisdiction before Prince even filed that third motion to intervene. But that Rule 41 stipulation, if you will, would be the so-called final nail in the coffin. Thank you. Thank you. So, unless this Court has any further questions, I think that pretty much summarizes Archer Western's position. Thanks very much. Thank you. I think the suggestion is being made that the decision of whether there was a change in circumstances is somehow turning on the timeliness of the appeal of the motion to intervene. And I'd like to say that I don't agree with that. The decision of whether there was a change in circumstances, I would submit,  you would say the motion to intervene is denied. There has been no change in circumstances. But here, the district court didn't make a merits determination on the motion to intervene. So if this Court were to say, we believe there's no change in circumstances, this would be the first Court to say that in this case. And I don't think that's the appropriate result. If you think that there's some doubt as to whether there was a change in circumstances, it would be remand to the trial court for them to consider that for the first time. What exactly do you think was the change in circumstances, just in a sentence? It's the theoretical liability and theoretical damages and theoretical inability to protect its right to claim breach of subcontract transferred into actual, it already happened. That's why we always want interventions, is to address theoretical things. If the rendering of something from theoretical to actual is a change, then everybody would have a right to intervene as soon as the Court says, I'm ruling against you. I'm ruling in any kind of a way against you. And then they could make a post-judgment request to intervene so they could appeal it. It would be unlimited, the ability to intervene. As soon as you got an adverse ruling against you, you could always get a second bite at every apple. I don't know if that's a second bite at the apple, though, Your Honor. And I would submit that. Isn't that true? Let's put aside the second bite. Wouldn't it be true that your argument would lead to the conclusion that everyone would have a right to intervene after a final judgment that turns out to be adverse on the grounds that you had feared initially? I think, as I hear that result, it seems okay to me. And wouldn't our case law be just littered with interventions if that were the law? No, I think it would be reduced by an appropriate initial decision on intervention. The initial decision might have been wrong about you can't, I mean, the first ruling, you can't intervene because you don't have a right to intervene just to get a pot of gold. That clearly was a correct decision. The rehearing petition to intervene might have been wrong, except that the reasoning was true that you're trying to raise new issues on rehearing that you didn't raise on the initial. So the error, it seems to me, was your client not bringing the proper request to intervene in the first place. I don't know that that still allows the court to later adjudicate its rights. Well, the question is whether there's a change. If, in fact, you might have won had you pursued the proper claim first, to simply pursue that same claim later isn't a result of a change in circumstance. It's just a result of maybe getting better lawyering. I don't know about that because I think, like I said, the trial court may have had some idea in his mind that he was going to adjudicate this case without determining default under subcontract. And I think that could have been possible. There could have been a determination in developer's favor that Archer didn't satisfy the bond's procedural requirements, which would not have impaired Prince's interests at all. I think the real fear that this case presents is the fear that parties or people's rights are going to be adjudicated in their absence. And I would submit to you that that is the thing that we should try to avoid the most because that is an appeal just to fundamental fairness. If I'm going to decide your rights, you should be heard on them. And that's what I'm advocating. Does the record here — I don't want to know the amount, but does the record tell us what the settlement amount was? I don't think it does. Okay. I don't want to know the amount, but there was some settlement amount. There was. And I can tell you — With the surety paying to the general. Yes. And for context, the general contractor was seeking to the tune of $600,000 and so I don't know. And is the other lawsuit in federal court or state court? We filed that one in state court and it was removed to federal court. But it's in federal court too. Also middle district, different judge. In the same court here? You're saying the same district court? Same district court, yes. A different judge. So just really quickly, the appeal was timely. It was from within 30 days of the order that denied the renewed motion to intervene. And I don't think that there can be a different deadline to hold. Otherwise, we could be on appeal now. I'm sorry. We could be on appeal now and a stipulation for dismissal be filed and the appeal end as I stand here. Otherwise, their 30 days was from the date the order was denied. Thank you very much. Thank you, counsel. And we will proceed to the third case. Donald Grokowski v. Clayton County, Georgia, et al.